IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| v. | * | CR 112-257 |
| KIMBERLY BROGDON | * | |

**O R D E R**

Presently pending before the Court is Defendant's motion for a nunc pro tunc designation and transfer to federal prison. (Doc. no. 135.) For the reasons set forth below, this motion is **DENIED**.

## I. BACKGROUND

On October 2, 2013, Defendant was sentenced to 36 months imprisonment in the custody of the United States Bureau of Prisons. (Doc. no. 99.) On January 21, 2014, Defendant was sentenced on unrelated state charges to 24 months imprisonment in Florida state prison. (Doc. no. 135 at 6.) Defendant was transferred to the Florida Department of Corrections to begin her state sentence on March 11, 2014. (Id. at 1-2.) On May 5, 2014, Defendant filed the above-referenced motion. (Doc. no. 135.) Defendant asks the Court to order a nunc pro tunc designation directing that her federal sentence run concurrent

with her state sentence and that she be transferred to federal prison. (Id. at 2.) Defendant is currently confined at the Gadsden Correctional Facility in Quincy, Florida.

## II. DISCUSSION

A court may not modify a sentence once it has been imposed however. 18 U.S.C. § 3582(c). In particular, neither Federal Rule of Criminal Procedure 36 nor U.S.S.G. § 5G1.3 permit the requested relief. Matters of credit for time served and other length of sentence determinations are better directed to the Bureau of Prisons ("BOP") and not this Court. Indeed, the BOP has the power to designate the housing state facility nunc pro tunc as the place of federal confinement so that a defendant may gain credit against a federal sentence for the time served in the state facility. However, this is a decision within the discretion of the BOP.[1]

Moreover, any judicial challenge to the BOP's decision must be brought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. Thus, to pursue her claims, Defendant would need to file a section 2241 petition.

---

[1] Of note, at the time of sentencing in this case, Defendant had not yet been sentenced in the state court. Thus, the Court made no mention of whether the federal sentence should be concurrent or consecutive. That said, Defendant's state sentence is on an offense that does not arise from the same operative facts. That is, Defendant was sentenced in state court to criminal conduct unrelated and distinct from the criminal conduct underlying the instant charge. Accordingly, had the state sentence been in place at the time the federal sentence was imposed, this Court would have run the federal sentence consecutive to any state sentence.

2

Yet, even if the Court were to liberally construe Defendant's motion as a section 2241 petition, it would be dismissed for lack of jurisdiction because it was not brought in the district in which Defendant is incarcerated - the Northern District of Florida - and because Defendant has failed to show that she exhausted her administrative remedies. See United States v. Pruitt, 417 Fed. Appx. 903, 904 (11th Cir. 2011).

### III. CONCLUSION

Based on the foregoing, Defendant's motion (doc. no. 135) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 29th day of August, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3